UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TONYELL T. TOLIVER | CIVIL ACTION |
| VERSUS | NO. 25-1420 |
| NAVY FEDERAL CREDIT UNION, ET AL. | SECTION "R" (3) |

### ORDER AND REASONS

Before the Court is defendant Navy Federal Credit Union's (Navy Federal) motion to dismiss.[1] Plaintiff Tonyell Toliver opposes the motion.[2] For the following reasons, the Court grants the motion to dismiss.

I.  BACKGROUND

The complaint alleges that Plaintiff opened a credit card account with Navy Federal. Plaintiff alleges that on November 28, 2022, the credit card account was "charged off," meaning that it was unpaid for more than six months.[3] On May 17, 2024, Navy Federal sued Toliver in Jefferson Parish court over the unpaid debt.[4] On October 1, 2024, plaintiff filed two suits

---

[1]   R. Doc. 17.
[2]   R. Doc. 24.
[3]   R. Doc. 1-6, at 2.
[4]   Toliver removed that case to this Court on February 13, 2025, and this Court remanded the case on May 14, 2025. *Navy Federal Credit Union v. Toliver*, 25-326 (E.D. La. May 14, 2025) (Vance, J.).

1

against two lawyers representing Navy Federal, Edward Bukaty and Warren Wingerter, in Jefferson Parish court, alleging Fair Debt Collection Practices Act violations.[5] Bukaty and Wingerter filed for consolidation of the cases against them.[6] Plaintiff then removed the case against plaintiff and the cases against the lawyers to this Court. This Court remanded all three cases on May 14, 2025.[7]

On July 10, 2025, Toliver sued Navy Federal; Weltman, Weinberg & Reis, Co., LPA; and A Professional Law Corporation in this Court *pro se*. Plaintiff asserted claims for fraud and concealment, violations of the Federal Debt Collection Practices Act, fraud on the court, commercial dishonor and fiduciary breach, unjust enrichment and unauthorized securitization, and declaratory relief.[8]

Navy Federal moved to dismiss, asserting that plaintiff failed to state a claim upon which relief can be granted and that plaintiff's actions are barred under Federal Rule of Procedure 41, as plaintiff dismissed two prior actions against Navy Federal.[9] Plaintiff opposes the motion, asserting that plaintiff

---

[5] *Navy Federal Credit Union v. Toliver*, 25-326 (E.D. La. May 14, 2025) (Vance, J.), R. Docs. 9-6 at 47; 9-7 at 46; 16.
[6] *Id.*
[7] *Navy Federal Credit Union v. Toliver*, 25-326 (E.D. La. May 14, 2025) (Vance, J.), R. Doc. 16.
[8] R. Doc. 1.
[9] R. Doc. 17.

filed only one unilateral dismissal and is not barred by res judicata.[10] In the reply, Navy Federal asserted that plaintiff abandoned the claims.[11]

The Court considers the motion below.

## II.    LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 239, 244 (5th Cir. 2009). But the Court is not bound to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678.

A legally sufficient complaint must establish more than a "sheer possibility" that the party's claim is true. *See id.* It need not contain "detailed factual allegations," but it must go beyond "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *See id.* (quoting

---

[10]    R. Doc. 24.
[11]    R. Doc. 28.

3

*Twombly*, 550 U.S. at 555). In other words, "[t]he complaint (1) on its face (2) must contain enough factual matter (taken as true) (3) to raise a reasonable hope or expectation (4) that discovery will reveal relevant evidence of each element of a claim." *Lormand*, 565 F.3d at 257 (cleaned up). The claim must be dismissed if there are insufficient factual allegations "to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, or if it is apparent from the face of the complaint that there is an insuperable bar to relief, *see Jones v. Bock*, 549 U.S. 199, 215 (2007).

## III. DISCUSSION

### A. Res Judicata

A claim is barred by res judicata when: (1) the parties in the prior and present suit are identical, or in privity; (2) a court of competent jurisdiction rendered the prior judgment; (3) the prior judgment was final and on the merits; and (4) the plaintiff raises the same cause of action in both suits. *Proctor & Gamble Co. v. Amway Corp.*, 376 F.3d 496, 499 (5th Cir. 2004).

Here, defendants' res judicata claim fails because there is no prior final judgment on the merits. Defendants claim that plaintiff has dismissed two prior actions against Navy Federal based on the same facts and circumstances and is therefore barred by the Two-Dismissal Rule. The Two-Dismissal rule governs voluntary dismissals under Rule 41(a)(1). The first

voluntary dismissal of a given claim is presumed to be without prejudice. Fed. R. Civ. P. 41. A second voluntary dismissal of a given claim acts as an adjudication on the merits and will preclude a third action asserting a claim that was or could have been asserted in the earlier actions. *Id.* However, if the second action is filed and dismissed in state court, it does not trigger the Two-Dismissal Rule unless the state has a similar rule. *See Cabot Golf CL-PP 1, LLC v. Nixon Peabody, LLP*, 575 F. App'x 216, 218-19 (5th Cir. 2014); *see also TCW Special Credits v. F/V CHLOE Z*, 238 F.3d 431, 432 (9th Cir. 2000).

Here, the consolidated actions that plaintiff voluntarily dismissed as to Navy Federal were in state court.[12] Louisiana has no Two-Dismissal Rule. As such, the Two-Dismissal Rule is inapplicable to plaintiff's dismissal of the consolidated cases against the two Navy Federal attorneys.

### B. Plaintiff Abandoned Her Claims

In the Fifth Circuit, when a plaintiff fails to defend or pursue a claim in a response to a motion to dismiss, the claim is abandoned. *Terry Black's Barbecue, L.L.C. v. State Auto. Mut. Ins. Co.*, 22 F.4th 450, 459 (5th Cir. 2022); *see also Black v. Panola Sch. Dist.*, 461 F.3d 584, 588 n.1 (5th Cir.

---

12   R. Doc. 24.

2006). This rule applies equally to *pro se* plaintiffs. *See Bedford v. Tex. Dep't of Trans.*, 810 F. App'x 264, 268 (5th Cir. 2020).

Here, even liberally construing Toliver's complaint with all possible deference due a *pro se* litigant, plaintiff's response to the motion to dismiss focused only on the res judicata issue. *Erick v. Pardus*, 551 U.S. 89, 94 (2007). Plaintiff did not address any of the substantive issues raised by Navy Federal. As such, plaintiff abandoned the claims against Navy Federal, and the Court dismisses plaintiff's claims. The Court declines to reach the merits of the 12(b)(6) argument.

## IV. CONCLUSION

For the foregoing reasons, the Court DISMISSES plaintiff's claims against Navy Federal WITH PREJUDICE as abandoned.

New Orleans, Louisiana, this 25th day of September, 2025.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE