UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

TONYELL T. TOLIVER                                             CIVIL ACTION

VERSUS                                                         NO. 25-1420

NAVY FEDERAL CREDIT UNION,                                     SECTION "R" (3)
ET AL.

## ORDER AND REASONS

Before the Court is defendant A Professional Law Corporation (APLC)'s motion to dismiss.[1] Plaintiff Tonyell Toliver did not respond to the motion. For the following reasons, the Court grants the motion to dismiss.

### I.     BACKGROUND

The complaint alleges that Plaintiff opened a credit card account with Navy Federal Credit Union (Navy Federal). Plaintiff alleges that on November 28, 2022, the credit card account was "charged off," meaning that it was unpaid for more than six months.[2] Toliver allegedly then called Navy Federal about the debt; Navy Federal referred her to Weltman, Weinberg & Reis, Co., LPA, who gave her APLC's phone number.[3]

---

[1]     R. Doc. 17.
[2]     R. Doc. 1-6, at 2.
[3]     R. Doc. 31-1, at 2.

1

Then the lawsuits began. On May 17, 2024, Navy Federal sued Toliver in Jefferson Parish court over the unpaid debt.[4] On October 1, 2024, plaintiff filed two suits against two lawyers representing Navy Federal, Edward Bukaty of APLC and Warren Wingerter, in Jefferson Parish court, alleging Fair Debt Collection Practices Act violations.[5] Bukaty and Wingerter filed for consolidation of the cases against them.[6] Plaintiff then removed the case against plaintiff and the cases against the lawyers to this Court. This Court remanded all three cases on May 14, 2025.[7]

On July 10, 2025, Toliver sued Navy Federal; Weltman, Weinberg & Reis, Co., LPA; and APLC in this Court *pro se*. Plaintiff asserted claims for fraud and concealment, violations of the Federal Debt Collection Practices Act, fraud on the court, commercial dishonor and fiduciary breach, unjust enrichment and unauthorized securitization, and declaratory relief.[8]

---

[4] Toliver removed that case to this Court on February 13, 2025, and this Court remanded the case on May 14, 2025. *Navy Federal Credit Union v. Toliver*, 25-326 (E.D. La. May 14, 2025) (Vance, J.).

[5] See *Navy Federal Credit Union v. Tonyell Toliver*, Case No. 141-256, May 17, 2024; *see also Toliver v. A Professional Law Corporation*, Case No. 24-192, October 1, 2024; *Toliver v. A Professional Law Corporation*, Case No. 24-193, October 1, 2024; and *Toliver v. Edward F. Bukaty, III and Warren W. Wingerter, Jr.*, 25-cv-00326, February 26, 2025.

[6] *Id.*

[7] *Navy Federal Credit Union v. Toliver*, 25-326 (E.D. La. May 14, 2025) (Vance, J.), R. Doc. 16.

[8] R. Doc. 1.

APLC moved to dismiss, asserting that plaintiff lacked standing, insufficient process, insufficient service of process, and that plaintiff failed to state a claim upon which relief can be granted.[9] Plaintiff did not file a response.

The Court considers the motion below.

## II.   LAW DISCUSSION

In the Fifth Circuit, when a plaintiff fails to defend or pursue a claim in a response to a motion to dismiss, the claim is abandoned. *Terry Black's Barbecue, L.L.C. v. State Auto. Mut. Ins. Co.*, 22 F.4th 450, 459 (5th Cir. 2022); *see also Black v. Panola Sch. Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006). This rule applies equally to *pro se* plaintiffs. *See Bedford v. Tex. Dep't of Trans.*, 810 F. App'x 264, 268 (5th Cir. 2020) (per curiam).

Here, even liberally construing Toliver's complaint with all possible deference due to a *pro se* litigant, the Court must grant APLC's motion to dismiss. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Plaintiff did not address any of the substantive issues raised by APLC because plaintiff did not respond at all.[10] Plaintiff abandoned the claims against APLC, and the

---

9   R. Doc. 31.
10  Plaintiff did respond to a separate defendant's motion to dismiss, which will be addressed in a separate order.

Court dismisses plaintiff's claims. The Court declines to reach the merits of the 12(b) arguments.

## III.  CONCLUSION

For the foregoing reasons, the Court DISMISSES plaintiff's claims against APLC WITH PREJUDICE as abandoned.

New Orleans, Louisiana, this  20th  day of October, 2025.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE