UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TONYELL T. TOLIVER | CIVIL ACTION |
| VERSUS | NO. 25-1420 |
| NAVY FEDERAL CREDIT UNION, ET AL. | SECTION "R" (3) |

## ORDER AND REASONS

Before the Court is plaintiff Tonyell Toliver's 59(e) Motion to Alter or Amend Judgment.[1]  For the foregoing reasons, the Court denies the motion.

### I.  BACKGROUND

Toliver sued Navy Federal Credit Union (Navy Federal) for fraud and concealment, violations of the Federal Debt Collection Practices Act, fraud on the court, commercial dishonor and fiduciary breach, unjust enrichment and unauthorized securitization, and declaratory relief.[2]  Navy Federal moved to dismiss on res judicata and failure to state a claim grounds; Toliver's response in opposition addressed only Navy Federal's res judicata argument.  The Court thus dismissed Toliver's claims against Navy Federal with prejudice as abandoned.[3]

---

[1]  R. Doc. 33.
[2]  R. Doc. 1.  For a full recitation of the facts in this case, *see* R. Doc. 30.
[3]  R. Doc. 30.

1

Toliver now moves under Fed. R. Civ. P. 59(e) to alter or amend the judgment.⁴

The Court considers the motion below.

## II. LAW AND DISCUSSION

A district court has considerable discretion to grant or deny a motion under Federal Rule of Civil Procedure 59(e). *See Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993). The Court must "strike the proper balance between two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts." *Id.* But reconsideration "'is an extraordinary remedy that should be used sparingly.'" *Rollins v. Home Depot USA*, 8 F.4th 393, 396 (5th Cir. 2021) (quoting *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004)).

The Fifth Circuit requires that the moving party show that the motion is necessary based on at least one of the following criteria: "(1) where there has been an intervening change in the controlling law; (2) where the movant presents newly discovered evidence that was previously unavailable; or (3) to correct a manifest error of law or fact." *Jennings v. Towers Watson*, 11 F.4th 335, 345 (5th Cir. 2021) (citations omitted).

---

⁴    R. Doc. 33.

Plaintiff does not demonstrate any of the requirements for Rule 59(e) relief. There has been no change in the controlling law, plaintiff submits no newly discovered evidence, and the Court has committed no manifest error of law or fact. Plaintiff argues that the Court's dismissal of her claims as abandoned was manifest error. This argument is without merit. As stated in the Order the plaintiff wishes to overturn, in the Fifth Circuit, when a plaintiff fails to defend or pursue a claim in a response to a motion to dismiss, the claim is abandoned. *Terry Black's Barbecue, L.L.C. v. State Auto. Mut. Ins. Co.*, 22 F.4th 450, 459 (5th Cir. 2022); *see also Black v. Panola Sch. Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006). This rule applies equally to *pro se* plaintiffs. *See Bedford v. Tex. Dep't of Trans.*, 810 F. App'x 264, 268 (5th Cir. 2020). The dismissal of her claims against Navy Federal with prejudice as abandoned was not manifest error.

## III.   CONCLUSION

For the foregoing reasons, the Court DENIES plaintiff's motion to alter or amend the judgment.

New Orleans, Louisiana, this  20th  day of October, 2025.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE