UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TONYELL T. TOLIVER | CIVIL ACTION |
| VERSUS | NO. 25-1420 |
| NAVY FEDERAL CREDIT UNION, ET AL. | SECTION "R" (3) |

## ORDER AND REASONS

Before the Court is defendant Weltman, Weinberg, & Reis Co., LPA's (Weltman) opposed[1] motion to dismiss.[2] For the following reasons, the Court grants the motion to dismiss.

### I.   BACKGROUND

The complaint alleges that Plaintiff opened a credit card account with Navy Federal Credit Union (Navy Federal). Plaintiff alleges that on November 28, 2022, the credit card account was "charged off," meaning that it was unpaid for more than six months.[3] Toliver allegedly then called Navy Federal about the debt; Navy Federal referred her to Weltman, who gave her A Professional Law Corporation's (APLC) phone number.[4]

---

[1]   R. Doc. 34.
[2]   R. Doc. 29.
[3]   R. Doc. 1-6, at 2.
[4]   R. Doc. 31-1, at 2.

1

Then the lawsuits began. On May 17, 2024, Navy Federal sued Toliver in state court over the unpaid debt.[5] On October 1, 2024, plaintiff filed two suits against two lawyers representing Navy Federal, Edward Bukaty of APLC and Warren Wingerter, in state court, alleging Fair Debt Collection Practices Act (FDCPA) violations.[6] Bukaty and Wingerter filed for consolidation of the cases against them.[7] Plaintiff then removed the case against her and the cases against the lawyers to this Court. This Court remanded all three cases on May 14, 2025.[8]

On July 10, 2025, Toliver sued Navy Federal, Weltman, and APLC in this Court *pro se*. Plaintiff asserted claims for fraud and concealment, violations of the FDCPA, fraud on the court, commercial dishonor and fiduciary breach, unjust enrichment and unauthorized securitization, and

---

[5] Toliver removed that case to this Court on February 13, 2025, and this Court remanded the case on May 14, 2025. *Navy Federal Credit Union v. Toliver*, 25-326 (E.D. La. May 14, 2025) (Vance, J.).

[6] See *Navy Federal Credit Union v. Tonyell Toliver*, Case No. 141-256, May 17, 2024; *see also Toliver v. A Professional Law Corporation*, Case No. 24-192, October 1, 2024; *Toliver v. A Professional Law Corporation*, Case No. 24-193, October 1, 2024; and *Toliver v. Edward F. Bukaty, III and Warren W. Wingerter, Jr.*, 25-cv-00326, February 26, 2025.

[7] *Id.*

[8] *Navy Federal Credit Union v. Toliver*, 25-326 (E.D. La. May 14, 2025) (Vance, J.), R. Doc. 16.

declaratory relief.[9]  Navy Federal and APLC moved to dismiss.[10]  This Court dismissed the claims against Navy Federal and APLC as abandoned.[11]

Weltman, the lone remaining defendant, now moves to dismiss.[12]  In her response, plaintiff explicitly withdrew her claims against Weltman for fraud, fraud on the court, commercial dishonor, fiduciary duty, unjust enrichment, securitization, and declaratory relief.[13]  Plaintiff's sole remaining claim against Weltman is that Weltman violated the FDCPA. Weltman in reply asserts that plaintiff's FDCPA claim fails to state a claim upon which relief can be granted.[14]

The Court considers the motion below.

## II.   LEGAL STANDARD

Federal courts are courts of limited subject matter jurisdiction.  The court's power to resolve disputes is limited to cases and controversies.  U.S. Const. art. III, § 2; *see Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992).  A lawsuit is not a case or controversy unless the plaintiff can prove that she has standing to bring suit.  *Id.*

---

[9]    R. Doc. 1.
[10]   R. Docs. 17, 31.
[11]   R. Docs. 30, 38.
[12]   R. Doc. 29-1.
[13]   R. Doc. 34-1.
[14]   R. Doc.

3

Standing requires the plaintiff to show (i) an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury is likely redressable by judicial relief. *See id.* A plaintiff does not automatically have Article III standing "even in the context of a statutory violation." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 341 (2016). Under Article III, "an injury in law is not an injury in fact." *TransUnion*, 594 U.S. at 427. The plaintiff must demonstrate standing "with the manner and degree of evidence" required at the stage of the litigation. At the motion to dismiss stage, the plaintiff must allege enough facts to show that standing is facially plausible. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## III. DISCUSSION

Federal courts have a duty to consider their subject matter jurisdiction *sua sponte* and must dismiss the action if the court lacks subject matter jurisdiction. *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012). Here, though neither party contests the Court's subject matter jurisdiction, the Court first examines its jurisdiction, one element of which is standing. *Id.*

Plaintiff's lone remaining claim against Weltman is for a violation of FDCPA, 15 U.S.C. §§ 1692(e) and (g), which provide that a debt collector "may not use any false, deceptive, or misleading representation or means in

4

connection with the collection of any debt" and that a debt collector is required to send a written notice within five days after initial communication with a consumer. A "statutory cause of action to sue a defendant over the defendant's violation of federal law" is insufficient to establish a "concrete harm because of the defendant's violation of federal law." *TransUnion*, 594 U.S. at 426-27. Thus, Toliver must plausibly allege the three elements of standing.

Toliver must plausibly allege (i) an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief. *See Lujan*, 504 U.S. at 560–61. As to the first element, Toliver's sole alleged injuries are "reputational harm" and "denial of credit."[15] Pretermitting other issues with the alleged injury, for the second element, Toliver must plausibly allege that her reputational harm and denial of credit were likely caused by the defendant.

Toliver's pleadings make no such factual allegations. The only factual allegation against Weltman is that Weltman answered the phone when Toliver called and provided her with a phone number of a different law firm. Toliver does not plead how that provision of information likely caused her

---

15    R. Doc. 1, at 2.

5

alleged injuries. There is nothing to suggest that Weltman providing Toliver with the phone number for a separate law firm injured her in any way, let alone harmed her reputation or led to her being denied credit. Toliver does not plausibly plead that Weltman's actions likely caused her injury. Without such a pleading, plaintiff does not have standing, and the Court lacks subject matter jurisdiction over the remaining claim. The Court must dismiss the action without prejudice. Fed. R. Civ. P. 12(h)(3); *see Green Valley Special Util. Dist. v. City of Schertz*, 969 F.3d 460, 468 (5th Cir. 2020) (en banc) (holding that complaints dismissed for lack of standing should ordinarily be dismissed without prejudice).

## IV. CONCLUSION

For the foregoing reasons, the Court DISMISSES plaintiff's claims against Weltman WITHOUT PREJUDICE.

New Orleans, Louisiana, this  27th  day of October, 2025.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE