UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TONYELL T. TOLIVER | CIVIL ACTION |
| VERSUS | NO. 25-1420 |
| NAVY FEDERAL CREDIT UNION, ET AL. | SECTION "R" (3) |

### ORDER AND REASONS

Before the Court is plaintiff Tonyell Toliver's motion for leave to file an amended complaint.[1] For the following reasons, the Court denies the motion.

I.  BACKGROUND

Toliver sued Navy Federal Credit Union (Navy Federal); Weltman, Weinberg & Reis Co., LPA (Weltman); and A Professional Law Corporation (APLC) for fraud and concealment, violations of the Federal Debt Collection Practices Act, fraud on the court, commercial dishonor and fiduciary breach, unjust enrichment and unauthorized securitization, and declaratory relief.[2] This Court dismissed Toliver's claims against Navy Federal and APLC with

---

[1] R. Doc. 37.
[2] R. Doc. 1. For a full recitation of the facts in this case, *see* R. Doc. 30.

1

prejudice as abandoned.[3] This Court dismissed Toliver's claims against Weltman without prejudice for lack of subject matter jurisdiction.[4]

Toliver now moves to amend her complaint against Navy Federal, APLC, and Weltman.[5]

The Court considers the motion below.

## II.  LEGAL STANDARD

Leave to amend "shall be freely given when justice so requires," Fed. R. Civ. P. 15(a), but "is by no means automatic." *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993) (quotation omitted). While there is a bias in favor of granting leave to amend, it is within the court's discretion to deny a motion to amend if it is futile. *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872-73 (5th Cir. 2000) (quotations and citations omitted). The Fifth Circuit interprets "futility" to mean that the amended complaint would fail to state a claim upon which relief could be granted. *Id.*; *see also Briggs v. Mississippi*, 331 F.3d 499, 508 (5th Cir. 2003). To determine futility, the court applies the same standard of legal sufficiency as applies under Rule 12(b)(6). *Id.*

---

[3]  R. Docs. 30, 38.
[4]  R. Doc. 40.
[5]  R. Doc. 33.

The question therefore is whether the plaintiff pled enough facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 239, 244 (5th Cir. 2009). Dismissal under Rule 12(b)(6) is appropriate when it is evident from the pleadings that the action is barred by the statute of limitations and there is no basis for tolling. *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003).

### III. DISCUSSION

As an initial matter, the Court denies Toliver's request for leave to amend as to Navy Federal and APLC. This Court dismissed Toliver's claims against those defendants with prejudice.

Only Toliver's claims against Weltman were dismissed without prejudice. In the proposed first amended complaint, Toliver asserts that she received a debt collection phone call from Weltman in April 2023, after which she did not receive any written notice as required under 15 U.S.C. § 1692(e) and (g). She asserts that she has continued to suffer unspecified

3

harm because of the confusion the lack of written notice caused. This is the only violation she asserts.

Here, dismissal under Rule 12(b)(6) would be appropriate because Toliver's claim is time-barred. *Jones*, 339 F.3d at 366. Claims under the FDCPA have a one-year statute of limitations. *Rotkiske v. Klemm*, 589 U.S. 8, 9 (2019). The alleged phone call transpired in April 2023, more than two years before Toliver sued in this Court. Toliver did not file suit until July 10, 2025.

Because dismissal of the proposed amended complaint under Rule 12(b)(6) would be proper, this Court finds that Toliver's proposed amendment is futile. Therefore, the Court denies plaintiff's motion to amend.

## IV. CONCLUSION

For the foregoing reasons, the Court DENIES plaintiff's motion to amend the complaint.

New Orleans, Louisiana, this 28th day of October, 2025.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE