UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TONYELL T. TOLIVER | CIVIL ACTION |
| VERSUS | NO. 25-1420 |
| NAVY FEDERAL CREDIT UNION, ET AL. | SECTION "R" (3) |

## ORDER AND REASONS

Before the Court is plaintiff Tonyell Toliver's 59(e) Motion to Alter or Amend Judgment.[1] For the foregoing reasons, the Court denies the motion.

### I. BACKGROUND

Toliver sued A Professional Law Corporation (APLC) for fraud and concealment, violations of the Federal Debt Collection Practices Act, fraud on the court, commercial dishonor and fiduciary breach, unjust enrichment and unauthorized securitization, and declaratory relief.[2] APLC moved to dismiss on failure to state a claim grounds; Toliver did not respond.[3] The Court thus dismissed Toliver's claims against APLC with prejudice as abandoned.[4]

---

[1] R. Doc. 42.
[2] R. Doc. 1. For a full recitation of the facts in this case, *see* R. Doc. 30.
[3] R. Doc. 31.
[4] R. Doc. 38.

Toliver now moves under Fed. R. Civ. P. 59(e) to alter or amend the judgment, asserting that she did not receive service of the motion to dismiss.[5]

The Court considers the motion below.

## II.   LAW AND DISCUSSION

A district court has considerable discretion to grant or deny a motion under Federal Rule of Civil Procedure 59(e).  *See Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993).  The Court must "strike the proper balance between two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts."  *Id.*  But reconsideration "is an extraordinary remedy that should be used sparingly." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004).

The Fifth Circuit requires that the moving party show that the motion is necessary based on at least one of the following criteria: "(1) where there has been an intervening change in the controlling law; (2) where the movant presents newly discovered evidence that was previously unavailable; or (3) to correct a manifest error of law or fact." *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 (5th Cir. 2012) (citing *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003)).

---

[5]   R. Doc. 42.

Here, Toliver asserts that the Court should vacate the order to correct a manifest error of law or fact.[6] Toliver asserts that record reflects improper service of the motion to dismiss, and that the Court's granting of the motion to dismiss was therefore manifest error.[7]

The record instead reflects that APLC, through its counsel, filed the motion to dismiss with the Clerk of Court using the online filing system and served Toliver by mail.[8] APLC provided a certificate of service to this effect.[9] Service by mail is appropriate for a motion to dismiss, and it is complete when a properly posted envelope is deposited with the Post Office. Fed. R. Civ. P. 5(b). Even if Toliver did not receive the motion, non-receipt does not affect the validity of service. *Id.*; *see also Zamudio v. Mineta*, 129 Fed. App'x 79, 80 (5th Cir. 2005) (noting that service is complete upon mailing).

Therefore, service was proper. Toliver's argument that she was denied due process because of improper service is without merit, as is her claim that the Court committed a manifest error in granting APLC's motion to dismiss. The Court committed no manifest error of law or fact. There is no basis on

---

6       R. Doc. 42.
7       *Id.*
8       R. Doc. 31-1, at 20.
9       *Id.*

which to vacate the Court's order.  Therefore, the Court declines to exercise the extraordinary remedy of vacating its order and judgment.

### III.  CONCLUSION

For the foregoing reasons, the Court DENIES plaintiff's motion to alter or amend the judgment.

New Orleans, Louisiana, this 10th day of November, 2025.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE